# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

**SAMUEL & STEIN**
Michael Samuel
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884
michael@samuelandstein.com

*Attorneys for Plaintiff*

| | |
|---|---|
| Anthony Paez, | |
| Plaintiff, | DOCKET NO. 17-cv-3357 |
| - vs. – | **COMPLAINT** |
| NY Budget Inn LLC, Yeshaya Averbuch, and Elsie Reynoso, | |
| Defendants. | |

Plaintiff Anthony Paez, by and through his undersigned attorneys, for his complaint against Defendants NY Budget Inn LLC, Yeshaya Averbuch, and Elsie Reynoso, alleges as follows:

## NATURE OF THE ACTION

1.      Plaintiff Anthony Paez alleges that he is entitled to: (ii) unpaid wages from Defendants for overtime work for which he did not receive overtime premium pay as required by the FLSA; and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*, because Defendants' violations lacked a good faith basis.

2.      Plaintiff further complains that he is entitled to (i) back wages for overtime work for which Defendants willfully failed to pay overtime premium pay as required by

the New York Labor Law §§ 650 *et seq.* and the supporting New York State Department of Labor regulations; (ii) compensation for Defendants' violation of the Wage Theft Prevention Act; and (iii) liquidated damages pursuant to New York Labor Law for these violations.

## THE PARTIES

3.      Plaintiff is an adult individual residing in New York, New York.

4.      Plaintiff consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b); his written consent is attached hereto and incorporated by reference.

5.      Upon information and belief, Defendant New York Budget Inn LLC is a New York corporation with a principal place of business at 200 E. 34th Street, New York, New York 10016.

6.      At all relevant times, Defendant New York Budget Inn LLC has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

7.      Upon information and belief, at all relevant times, Defendant New York Budget Inn LLC has had gross revenues exceeding $500,000.00.

8.      Upon information and belief, at all relevant times herein, Defendant New York Budget Inn LLC has used goods and materials produced in interstate commerce, and has employed individuals who handled such goods and materials.

9.      Upon information and belief, at all relevant times, Defendant New York Budget Inn LLC has constituted an "enterprise" as defined in the FLSA.

10.     Upon information and belief, Defendant Yeshaya Averbuch is an owner or part owner and principal of New York Budget Inn LLC; he has the power to hire and fire employees, set wages and schedules, and maintain their records.

11.     Mr. Averbuch is involved in the day-to-day operations of New York Budget Inn LLC, and plays an active role in managing the business.

12.     Upon information and belief, Defendant Elsie Reynoso is an owner or part owner and principal of New York Budget Inn LLC; she has the power to hire and fire employees, set wages and schedules, and maintain their records.

13.     Ms. Reynoso is involved in the day-to-day operations of New York Budget Inn LLC, and plays an active role in managing the business.

14.     Defendants constituted "employers" of Plaintiff as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

15.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.  In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

16.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendants' business is located in this district.

## FACTS

17.     · At all relevant times herein, Defendants owned and operated a hotel in New York.

3

18.     Plaintiff was employed by Defendants from approximately February 24, 2013 through October 27, 2015.

19.     Plaintiff was employed as a maintenance worker, and was also responsible for housekeeping.

20.     Plaintiff's work was performed in the normal course of Defendants' business, and was integrated into the business of Defendants, and did not involve executive or administrative responsibilities.

21.     At all relevant times herein, Plaintiff was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

22.     Plaintiff's regular schedule was six days per week, every day except Friday or Sunday.

23.     Throughout his employment, Plaintiff worked at a night shift from 7:00 P.M. to 6:00 A.M, except for the summer of 2014 from June to August, when Plaintiff worked at a day shift instead, from 7:00 A.M. to 8:00 P.M.

24.     Consequently, Plaintiff worked roughly 66 hours per week in each week of his employment with Defendants.

25.     Defendants did not provide a time clock, sign in sheet, or any other method for employees to track their time worked.

26.     Plaintiff was paid by check throughout his employment with Defendants.

27.     Plaintiff was paid $10 per hour from the time he was hired until August 2013. From September 2013 until the end of his employment, Plaintiff was paid $11 per hour.

28.     Defendants failed to pay Plaintiff an overtime "bonus" for the hours he worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

29.     Defendants' failure to pay Plaintiff the overtime bonus for his overtime hours worked was willful, and lacked a good faith basis.

30.     Defendants failed to provide Plaintiff with written notices providing the information required by the Wage Theft Prevention Act – including, *inter alia*, Defendants' contact information, Plaintiff's regular and overtime rates, and intended allowances claimed – and failed to obtain Plaintiff's signature acknowledging the same, upon his hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

31.     Although Defendants provided Plaintiff with paystubs, the paystubs did not conform to the specific requirements of the Wage Theft Prevention Act.

## COUNT I: Fair Labor Standards Act - Overtime

32.     Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

33.     At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

34.     Defendants had a policy and practice of refusing to pay overtime compensation to their employees for some of the hours they worked in excess of forty hours per workweek.

35.     As a result of Defendants' willful failure to compensate Plaintiff at a rate at least one-and-one-half times the regular rate of pay for some of their work performed in

excess of forty hours per workweek, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

36.     The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

37.     Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants his unpaid overtime compensation, an additional equal amount as liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

### COUNT II: New York Labor Law - Overtime

38.     Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

39.     At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

40.     Defendants willfully violated Plaintiff's rights by failing to pay him overtime compensation at rates at least one-and-one-half times his regular rate of pay for hours worked that exceeded forty hours per workweek, in violation of the New York Labor Law §§ 650 *et seq.* and its supporting regulations in 12 N.Y.C.R.R. § 146.

41.     Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

42.     Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid overtime compensation, liquidated damages, interest,

reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT III: New York Labor Law – Wage Theft Prevention Act

43.     Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

44.     At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

45.     Defendants willfully violated Plaintiff's rights by failing to provide him with the wage notices required by the Wage Theft Prevention Act when he was hired, or at any time thereafter.

46.     Defendants willfully violated Plaintiff's rights by failing to provide him with weekly wage statements that conformed to the specific requirements of the Wage Theft Prevention Act at any time during his employment.

47.     Due to Defendants' New York Labor Law violations relating to the failure to provide accurate weekly wage statements, Plaintiff is entitled to recover from Defendants statutory damages of $100 per week through February 26, 2015, and $250 per day from February 27, 2015 through the end of his employment, up to the maximum statutory damages.

48.     Due to Defendants' New York Labor Law violations relating to the failure to provide wage notices, Plaintiff is entitled to recover from Defendants statutory damages of $50 per week through February 26, 2015, and $50 per day from February 27, 2015 to the termination of his employment, up to the maximum statutory damages.

7

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

 a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

 b. An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

 c. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

 d. An award of liquidated damages because of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

 e. Liquidated damages for Defendants' New York Labor Law violations;

 f. Statutory damages for Defendants' violations of the New York Wage Theft Prevention Act;

 g. Back pay;

 h. Punitive damages;

 i. An award of prejudgment and post judgment interest;

 j. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

k.   Such other, further, and different relief as this Court deems just and

proper.

Dated:  May 5, 2017

/s/ *Michael Samuel*
Michael Samuel, Esq.

SAMUEL & STEIN
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884

*Attorneys for Plaintiff*

9

**EXHIBIT A**

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of New York Budget Inn LLC and its owners and affiliates to pay me, *inter alia*, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit. I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentación y tramitación de reclamaciones en mi nombre y de mi parte para impugnar el fallo de New York Budget Inn LLC sus propietarios y afiliados a me pagan, entre otras cosas, el salario mínimo y pago de horas extras, requerida en el estado y / o la ley federal y también autorizan la presentación de este consentimiento en la demanda contra ese tipo de conducta, y el consentimiento para ser nombrado como demandante representante en esta acción para tomar decisiones en nombre de todos los demás demandantes en relación con todos aspectos de esta demanda. Se me ha proporcionado una copia de un acuerdo de retención con la firma de abogados de Samuel y Stein, y estoy de acuerdo en estar obligado por sus términos.

Anthony Paez

Date:  April 13, 2017